Curia, per Johnston, Chancellor.
It appears that the questions respecting rent, involved in this appeal, were decided several years ago, in two cases, yet in manuscript, which, it is to be regretted, have not been reported. I refer to the cases of Thompson vs. Bostick, (M. S. E. 345,) and Carr vs. Robertson, (M. S. F. 74;) of which I never heard until they were suggested on the argument of this appeal. The general rule established by them is, that as between co-tenants, the occupying tenant is liable for the *74 rent of so much of the premises as was capable of producing rent at the time he took possession, but not liable for what was rendered capable by his labor. If he commits waste, (and the pleadings make a case of waste,) he is liable for that. If he makes improvements, he is not entitled to raise a charge for them. It is unnecessary to do more than state what the cases decide. For the reasons of the decision, I refer to the opinions delivered in the cases themselves. A motion was made that the defendant’s share of the lands sold in this case be retained, in order to satisfy out of it what shall be established against him on the score of rent. It was not shewn that he was insolvent, or in doubtful circumstances; nor was any special reason assigned why the order should be granted; and certainly he should not have been subjected to the loss which would have accrued from granting the motion, unless for some reason rendering it necessary. The Court is of opinion that it was properly refused, and dismiss the plaintiffs’s appeal on that point.
Wardlaw & Wardla/w, for the motion.
Mr. --, contra.
Let the circuit decree be modified, and let the report be re-committed, to be reformed according to this opinion.
J. JOHNSTON.